TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CORY L. BURLESON (Cal. Bar No. 322239)
Assistant United States Attorneys
Deputy Chief, Riverside Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6945
    Facsimile: (951) 276-6202
    Email:    Cory.Burleson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE DE JESUS ORTEGA and DANIELLE NADINE DAVILA, <br><br> Defendants. | ED CR No. 25-266(A)-SSS <br><br> STIPULATION FOR AN ORDER ALLOWING GOVERNMENT'S DISCLOSURE OF GRAND JURY TESTIMONY; PROPOSED ORDER <br><br> Trial Date: April 13, 2026 <br> Trial Time: 9:00 a.m. <br> Location: Courtroom of the Hon. Sunshine S. Sykes |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Cory L. Burleson, and defendant Jose De Jesus Ortega, individually and by and through his counsel of record, Carlos Juarez, and defendant Danielle Nadine Davila, individually and by and through her counsel of record, Oliver Cleary, submit this stipulation for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide defendant's counsel of record with a copy of the grand jury testimony of a witness whom the government may call at trial.

The parties stipulate as follows:

1. The trial in this matter is set to begin on April 13, 2026.

2. The parties file this stipulation because of the government's disclosure obligations under the Jencks Act, 18 U.S.C. § 3500. The government intends to call a witness at trial who testified before a grand jury related to this investigation into defendants. Such testimony constitutes a statement under the Jencks Act, 18 U.S.C. § 3500, which the government is required to provide to defendants.

3. Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. 6(e)(3)(E).

4. A trial court has "substantial discretion to order or deny release" of a grand jury transcript. United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988). The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted). The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

(1) to prevent the escape of those whose indictment may be contemplated;

(2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure

2

>     of the fact that he has been under investigation, and from the expense of
>     standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and Douglas Oil Co. of Calif. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979), for the same proposition). In United States Indus., Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965). The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need." Id.

5.  In this instance, the policy considerations requiring secrecy are inapplicable with respect to those witnesses who will testify at trial because the case has been indicted. See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, disclosure of the grand jury testimony to defense counsel would be in the interest of justice and allow defense counsel material necessary to the defense in advance of trial.

/ / /

/ / /

6. For the foregoing reasons, the parties respectfully request that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury testimony of a witness the government intends to call at trial.

IT IS SO STIPULATED.

Dated: February 10, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
Acting United States Attorney

 /s/ *Cory L. Burleson*
CORY L. BURLESON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: February 10, 2026

 /s/ *with email authorization*
CARLOS JUAREZ

Attorney for Defendant
JOSE DE JESUS ORTEGA

Dated: February 10, 2026

 /s/ *with email authorization*
OLIVER CLEARY

Attorney for Defendant
DANIELLE NADINE DAVILA